# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:06-CR-100-FL
5:08-CV-435-FL

| | |
|---|---|
| KEITH HARRIS,        )<br>          )<br>     Petitioner,   )<br>          )<br>vs.        )<br>          )<br>UNITED STATES OF AMERICA,   )<br>          )<br>     Respondent.   )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This Cause comes before the Court upon the Government's Motion for Summary Judgment[1] [DE-84] on *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate"). [DE-72]. Petitioner has failed to file any response, and the time for doing so has expired. Accordingly, the Government's Motion for Summary Judgment is now ripe for adjudication. Pursuant to, 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation.

## I. Background

On January 22, 2007, pursuant to a written plea agreement, Petitioner pled guilty to: 1) conspiracy to distribute and possess with intent to distribute more than 50 grams of

---

[1] The Government styles its motion as a motion to dismiss. Because the Government has attached an affidavit to its memorandum in support, the Court will treat this motion as a motion for summary judgment. *See* Fed. R. Civ. P 12(d) "[i]f on a motion . . . [to dismiss] . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment.")

cocaine base (crack), in violation of 21 U.S.C. § 846; and 2) dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1) and 924. [DE-34]. The written plea agreement states, *inter alia*, that "[t]he Defendant agrees . . . [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground . . ." [DE-34, pg. 1-2]. Petitioner was sentenced to a term of imprisonment of 80 months on September 12, 2007 [DE-65]. A notice of appeal to the Fourth Circuit was not filed by Petitioner. The instant Motion to Vacate was filed by Petitioner on August 29, 2008 [DE-72].

In his Motion to Vacate, Petitioner claims that he received ineffective assistance of counsel because his trial counsel: 1) "pursued a defense strategy that was against established case law and did not reflect . . . [Petitioner's] best likelihood for a reduced sentence"; and 2) failed to "challenge . . .[a] firearm enhancement at sentencing." [DE-72, pg. 4-5]. Petitioner was represented at trial in this matter by Assistant Federal Public Defender Christopher James Locascio. Mr. Locascio has responded to Petitioner's allegations in a sworn affidavit, which has been attached to the Government's motion. [DE 85-2].

## II. Legal Standards and Analysis

### A. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."

### B. Summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
> [Celotex Corporation v. Catrett, 477 U.S.317, 322-323 (1986)](#)

"[S]ummary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. [Fed. R. Civ. P. 56(c)](#); [Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986)](#). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. [Celotex, 477 U.S. at 317](#); [Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985)](#). Specifically, the moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of any genuine issues of material fact. [Celotex, 477 U.S. at 323](#). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. [Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)](#). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. [Celotex, 477 U.S. at 324](#). See also, [Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)](#).

In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. It is well-established that any analysis of the propriety of summary judgment must focus on both the materiality and genuineness of the fact issues. Ross, 759 F.2d at 364. The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson, 477 U.S. at 247-48. A fact is material only when its resolution affects the outcome of the case. Id. at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

## C. Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel. To prevail on his claims of ineffective assistance, petitioner must satisfy two well-established requirements. First, he "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). *See also* Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied* 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. *See also* Satcher, 126 F.3d at 572.

With regard to a guilty plea, a showing of prejudice thus requires Petitioner to demonstrate that but for the alleged failing of counsel, he would have insisted on going to

4

trial. Hill v. Lockhart, 474 U.S. 52, 59-60 (1985).

**D. Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266-67. Thus, in a collateral attack, petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. Id.

Morever, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed without an evidentiary hearing:

> [A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11

5

Case 5:06-cr-00100-FL   Document 98   Filed 05/18/09   Page 5 of 13

plea colloquy . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings . . . Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false" . . . Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permitting quick disposition of baseless collateral attacks.
U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)(internal citations and quotations omitted).

During his January 22, 2007 Rule 11 hearing, Petitioner testified as follows:

THE COURT: . . .If you have waived the right to appeal your sentence in a plea agreement with the Government, you need to know and you need to understand that that waiver may be binding upon you and you may not be able to appeal your sentence . . .

 . . .THE COURT:  Now, Mr. Harris, have you had time to and have you in fact discussed your case and your plea with your attorney, Mr. Locascio?

A.  Yes, sir.

Q.  Are you satisfied with Mr. Locascio's representation of you, including all his advice and counsel to you?

A.  Yes, sir.

Q.  And you're sure about that?

A.  Yes, sir.

Q.  All right.  Did you hear and understand my explanation of your rights this morning, including how you might be sentenced?

A.  Yes, sir . . .

6

> . . .Q. Have you answered all my questions truthfully?
>
> A. Yes, sir.
>
> Q. Would you like any more time, Mr. Harris, to think about your plea or your case and discuss your case with your attorney Mr. Locascio?
>
> A. No.
>
> Q. You're sure about that?
>
> A. Yes, sir.
> (Rule 11 Hrg. Tr., pg. 6, 9-10, 14-15).

In short, the claims Petitioner raises in his Motion to Vacate contradict his earlier sworn statements. Therefore, unless Petitioner can demonstrate the existence of "extraordinary circumstances", the allegations in his Motion to Vacate shall be deemed palpably incredible and patently frivolous or false.

### **E. Analysis**

Petitioner lists two assignments of error, alleging that his trial counsel was ineffective because: 1) counsel "pursued a defense strategy that was against established case law and did not reflect the defendant's best likelihood for a reduced sentence"; and 2) counsel failed "challenge the firearm enhancement at sentencing." [DE-72, pg. 4-5]. In response to these allegations, Mr. Locascio states:

> Although originally scheduled for April, 2007, Mr. Harris' sentencing was continued several times until September, 2007, to allow for a careful, thorough review of his Pre-Sentence Report [("PSR")] and so that he could continue to cooperate with law enforcement agents . . .
>
> On or about March 21, 2007, the draft . . . [PSR] prepared by the United States Probation Office ("USPO") was received in the Office of the Federal Public

7

Defender . Between March 21, 2007, and September 12, 2007, Mr. Harris and I carefully considered, reviewed, and discussed the information set forth in the PSR. To ensure the factual accuracy of the PSR all of the discovery and investigative materials that had been previously produced by the Government were reviewed and re-examined including, but not limited to, the significant number of recorded conversations and controlled transactions participated in by Keith Harris. Mr. Harris noted information that he believed was inaccurate and together we formulated certain legal, factual, and guideline objections to the PSR . . .

On or about August 20, 2007, I submitted written objections to the USPO with respect to Mr. Harris' PSR. Mr. Harris was concerned about and disagreed with the with the conclusion of the USPO that a two level increase was warranted in this case because a dangerous weapon was possessed. Mr. Harris and I had several discussions about whether the two level increase was warranted in this case. After researching applicable case precedent including, but not limited to, *United States v. Harris*, 128 F.3d 850 (4th Cir. 1997), I determined that Mr. Harris' legal objections were unlikely to prove successful at his sentencing hearing. Notwithstanding this representation, I submitted written objections to, among other things, Paragraph 11 of the PSR which concluded that Mr. Harris, "possessed weapons in connection with his drug trafficking activity . . ." *See* PSR at ¶ 10. Similarly, I submitted a written objection to Paragraph 40 of the PSR which indicated that a two level increase was warranted in Mr. Harris' case pursuant to U.S.S.G. § 2d1.1(b)(1) because a dangerous weapon was possessed. *See* PSR at ¶ 40. The PSR objections submitted on behalf of Keith Harris are accurately reflected in the addendum to the PSR . . .

AUSA Ethan Ontjes and I discussed Mr. Harris' case prior to the scheduled sentencing hearing . . . AUSA Ontjes strongly indicated that the PSR objections submitted on behalf of Keith Harris were both frivolous and without merit and that if Mr. Harris pursued the objections at the sentencing hearing it would negatively impact the sentencing recommendation made by the Government (i.e. the Government would request a less significant downward departure if Mr. Harris pursued the PSR objections) . . .

Prior to his sentencing hearing, I met with Mr. Harris to discuss the strategy that we would employ at the hearing. We discussed all of the issues surrounding the sentencing hearing . . . Ultimately, Mr. Harris agreed with my recommendation that he not pursue the PSR objections at the sentencing hearing with the hope that the Court would exercise its substantial discretion

8

> and impose the most reasonable sentence possible . . . Mr. Harris agreed with the sentencing strategy that we devised together and never requested that I continue to pursue the PSR objections. Similarly, Mr. Harris did not mention any desire to pursue the PSR objections during his statement to the Court at the sentencing hearing . . .
>
> I met with Mr. Harris subsequent to his sentencing hearing on September 17, 2007. . . Mr. Harris was positive and optimistic about the possibility of a future Rule 35 Motion. At no time did Mr. Harris express complaints, dissatisfaction, or disagreement with the strategy employed at his sentencing hearing . . .
>
> Finally, the suggestion that counsel was inadequately prepared for the case is wrong. Undersigned counsel represented Mr. Harris between November, 2005 and September 2007 . . . During this time, I obtained an intimate knowledge of the facts, circumstances, and applicable law in Mr. Harris' case. The ultimate outcome in this case, a 33% reduction from the bottom of the guideline range . . . was a favorable and fortunate result.
> [DE 85-2, pg. 3-5].

Mr. Locascio's assertions are corroborated by the transcript of the sentencing hearing. Prior to Petitioner's sentencing hearing, the Government moved for downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines, as well as 18 U.S.C. § 3553(e). [DE-97, pg. 4, 8]. In light of this motion, Mr. Locascio withdrew several of Petitioner's objections to the PSR. [DE-97, pg. 4-8]. After describing the nature of Petitioner's assistance, the Government recommended a 25% reduction in Petitioner's sentence. [DE-97, pg. 8-10]. Mr. Locascio then supplemented the Government's presentation, describing in greater detail the assistance Petitioner provided the Government. [DE-97, pg. 8-17]. In addition, Mr. Locascio elaborated upon several other factors that were relevant to 18 U.S.C. § 3553(e). [DE-97, pg. 8-17]. After this presentation, Mr. Locascio argued that a 50% reduction was appropriate in Petitioner's case, and "urge[d] the Court to consider a sentence

9

in this case of 60 months." [DE-97, pg. 16]. Ultimately, the motion for downward departure was granted, and, as noted *supra*., Petitioner was sentenced to a term of incarceration of 80 months.[2] [DE-97, pg. 22]. As noted in Mr. Locascio's affidavit, this was a 33% reduction from the bottom of Petitioner's guideline range (120 to 135 months imprisonment).

Petitioner addressed the Court during his sentencing hearing. [DE-97, pg. 18-20]. He made several apologies for his actions and "accept[ed] responsibility for [his] actions . . ." [DE-97, pg. 18-21]. At no point did Petitioner indicate that he was dissatisfied with Mr. Locascio's representation.

Therefore, the record clearly indicates that Mr. Locascio took all reasonable steps to mitigate Petitioner's sentence and that his representation of Petitioner was objectively reasonable. Conversely, in support of his allegation that Mr. Locascio's representation was ineffective, Petitioner simply cites case law that is inapplicable. Specifically, Petitioner argues that "Defense counsel acted unaware of the current fourth circuit case law . . .which indicates that a defendant cannot be charged with a 'gun charge' and receive a two point enhancement in the sentencing calculations simultaneously." [DE-72, pg. 15]. In making this argument, Petitioner cites United States v. Goines, 357 F.3d 469 (4th Cir. 2004). However, Goines is not applicable to Petitioner's argument because Goines dealt with a Sentencing Commission Amendment governing sentencing for carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. 924(c). As noted, *supra.*,

---

[2] Petitioner was also sentenced to term of incarceration of 60 months on Count 2 of the indictment, to run concurrently with his Count 1 sentence.

10

however, Petitioner was convicted of dealing firearms without a license, in violation of [18 U.S.C. § 922(a)(1)](#).

Likewise, Petitioner failed to file a response to the Government's motion for summary judgment. In doing so, he has failed to the affirmatively demonstrate that there is a genuine issue which requires trial.

Moreover, the undersigned reiterates that Petitioner's allegations contradict his previous sworn statements and Petitioner has failed to demonstrate the existence of any "extraordinary circumstances". Accordingly, Petitioner's allegations are deemed palpably incredible and patently frivolous or false. Therefore, Petitioner has failed to demonstrate that his trial counsel's representation fell below an objective standard of reasonableness. Likewise, even assuming *arguendo* that Mr. Locascio's representation was unreasonable, Petitioner has failed to demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The objections which Petitioner asserts Mr. Locascio failed to make would not have changed the outcome of the proceedings. For these reasons, the undersigned finds that Petitioner's Motion to Vacate is entirely meritless.

### III. Conclusion

Petitioner fails to state any valid basis for relief in his Motion to Vacate. Accordingly, it is HEREBY RECOMMENDED that the Government's Motion for Summary Judgment [[DE-84](#)] be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 14th day of May,

2009.

_____
William A. Webb
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CRIMINAL NO. 5:06-CR-100-FL-2
CIVIL NO. 5:08-CV-435-FL

| | | |
|---|---|---|
| KEITH HARRIS | ) | |
| | ) | N O T I C E |
| v. | ) | |
| | ) | |
| UNITES STATES OF AMERICA | ) | |

Attached to this notice is a memorandum and recommendation of a United States Magistrate Judge in this action that has been entered on the records of this court pursuant to 28 U.S.C. §636(b)(1)(c) and Fed.R.Crim.P. 59(b)(2)-(3). Rule 59(b) provides as follows:

> **(2)** *Objections to Findings and Recommendations*. Within 10 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations. Unless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Failure to object in accordance with this rule waives a party's right to review.
>
> **(3)** *De Novo Review of Recommendations*. The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.

You are hereby notified that unless written objections in accordance with this rule are filed within 10 days after receipt of this memorandum and recommendation, you will have waived the right to further consideration of these issues by the district judge, and an appropriate order based on the memorandum and recommendation will be entered. Furthermore, failure to timely file objections to the findings and recommendation set forth by the magistrate judge may result in a waiver of the right to appeal from a judgment of this court based on such findings and recommendations. See Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

| | |
|---|---|
| Date Filed:<br>5/18/2009 | /s/ DENNIS P. IAVARONE<br>CLERK OF COURT |