IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-100-FL
No. 5:08-CV-435-FL

| | |
|---|---|
| KEITH HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court upon the government's motion for summary judgment (DE # 84)[1] on *pro se* petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate") (DE # 72), filed September 15, 2008.[2] Petitioner did not respond to the government's motion. This court referred the matter to United States Magistrate Judge William A. Webb, who issued memorandum and recommendation ("M&R") on May 18, 2009, wherein it was recommended that the court grant the government's motion for summary judgment. Petitioner has not objected to the M&R, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling.

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a

---

[1] The government styles its filing as a motion to dismiss pursuant to Rule 12(b)(6). Because the government has attached an affidavit to its supporting memorandum, the court treats the motion as one for summary judgment. See Fed. R. Civ. Pro. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

[2] Petitioner initially filed motion to vacate on August 29, 2008, on an outdated form, which is docketed at DE # 68. The Clerk sent petitioner the proper form, which he completed and submitted as the motion to vacate at DE # 72 that the court considers here. Accordingly, the earlier submitted motion at DE #68 is hereby denied as moot.

judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Here, petitioner makes no objection to the magistrate judge's well-considered recommendation. Upon review of the M&R, parties' respective briefing, the relevant case law, the affidavit of petitioner's defense attorney Christopher James Locascio, and the transcript of petitioner's sentencing proceedings (DE # 97), the court finds the magistrate judge has adeptly recounted the applicable law regarding ineffective assistance of counsel claims, and correctly concluded that petitioner has fallen far short of making the requisite showing to sustain such a claim here.

Accordingly, the court ADOPTS the M&R as its own, and for the reasons stated therein, the government's motion for summary judgment (DE # 84) is GRANTED, and petitioner's motion to vacate (DE # 72) is DENIED. Petitioner's earlier submitted motion to vacate (DE # 68) is DENIED as moot. The clerk of court is directed to close this case.

SO ORDERED, this the 20th day of July, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge